UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Billy Eugene Wall, Jr., | ) C/A No. 2:13-0243-RMG-BHH |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Harris L. Beach, Jr., | ) for |
| | ) Summary Dismissal |
| Defendant. | ) |

## *Background of this Case*

Plaintiff is a pre-trial detainee at the Colleton County Detention Center in Walterboro, South Carolina. The Defendant in this case is the Chief Public Defender for Colleton County.

The Complaint and Plaintiff's exhibits submitted in Plaintiff's pending case, *Billy Eugene Wall v. Michele D. China, Special Agent, SLED, et al.*, Civil Action No. 2:12-0618-RMG-BHH, indicate that on May 14, 2011, Plaintiff was arrested, charged with grand larceny, and placed in the Colleton County Detention Center. The grand larceny charge was reduced to petit larceny. Plaintiff's exhibits in Civil Action No. 2:12-0618-RMG-BHH, however, reveal that, while in the Colleton County Detention Center, Plaintiff on or about June 16, 2011, solicited his then cell-mate to murder a Colleton County Sheriff's Deputy and the Deputy's spouse by setting fire to their house (ECF No. 1-1, at pages 1-3). As a result, County Magistrate Keisha D. Gadsden on July 14, 2011, issued two arrest warrants (Warrant No. M-104308 [criminal conspiracy, conspiracy to commit

murder] and Warrant No. 104309 [criminal conspiracy, conspiracy to commit arson]), which were served upon Plaintiff at the Colleton County Detention Center on July 14, 2011 (ECF No. 1-1, at pages 1-2).  Plaintiff has remained in custody since July 14, 2011.

The above-captioned case (Civil Action No. 2:13-0243-RMG-BHH) also concerns the aforementioned pending criminal charges.  Plaintiff states that his Public Defender did not visit him at the Colleton County Detention Center until a year after the charges were filed.  Plaintiff has, repeatedly, requested Defendant to provide him (Plaintiff) with a copy of the audio tapes that gave rise to the criminal charges.

Plaintiff also refers to the magistrate court charge (petit larceny) for which he was incarcerated at the time of his arrest on the more serious charges.  Plaintiff reiterates a contention from Civil Action No. 2:12-0618-RMG-BHH that he should have been released on a personal recognizance bond when his "jail time" credit matched the maximum sentence on the charge of petit larceny.  Plaintiff is referring to an administrative order issued by The Honorable Jean H. Toal, Chief Justice of the Supreme Court of South Carolina, on October 28, 2010, in the matter entitled *RE: Summary Court Pretrial Detainees*.  Chief Justice Toal's order directs summary court judges (county magistrates and municipal court judges), generally, to release a defendant on a personal recognizance bond when that defendant has been "detained pretrial for the maximum amount of time the defendant would receive if convicted for the offense."  Chief Justice Toal's order places the responsibility on the chief magistrate or chief municipal court judge for implementation of her directive.  *See* South Carolina Supreme Court Order 2010-10-28-01, *available at* http://www.judicial.state.sc.us/courtOrders/displayOrder.cfm?orderNo=2010-10-28-01, last visited on Jan. 29, 2013).

Plaintiff contends that Defendant has failed to file promptly speedy trial motions and other motions on the charges of conspiracy to commit murder and conspiracy to commit arson. In his prayer for relief, Plaintiff seeks $250,000 for malpractice, $250,000 for emotional distress, $250,000 for punitive damages, attorney's fees, court costs, any other relief deemed "just" by this Court, and a jury trial.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 680–84 (2009). Even when considered under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Although *Heck v. Humphrey*, 512 U.S. 477 (1994), is not applicable to the above-captioned case, *see Wallace v. Kato*, 549 U.S. 384 (2007), Defendant is entitled to summary dismissal because he has not acted under color of state law. In order to state a cause of action under 42 U.S.C. § 1983 or under the *Bivens* doctrine, a plaintiff must allege that: *(1)* the defendant deprived him or her of a federal right, and *(2)* did so under color of state law or federal law. *See American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–52 (1999).

An attorney, whether retained, court-appointed, or a public defender, does not act under color of state or federal law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983 or under the *Bivens* doctrine. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 317–24 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980) (court-appointed attorney); and *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) (private attorney).

Harris L. Beach, Jr., is entitled to summary dismissal with respect to his representation of Plaintiff in his criminal cases. "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the

meaning of § 1983." *Polk Cnty. v. Dodson*, 454 U.S. at 318; *see also Vermont v. Brillon*, 173 L.Ed.2d 231, 129 S.Ct. 1283, 1286 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor.").

Plaintiff would not be entitled to damages under 42 U.S.C. § 1983 for emotional distress. *See Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 558–59 (D.S.C. 2008) (collecting cases and noting statutory law). Also, Plaintiff is not entitled to attorney's fees because he (Plaintiff) is proceeding *pro se* in this case. *See, e.g.*, *Kay v. Ehrler*, 499 U.S. 432, 435 (1991) (*pro se* litigant, even if he or she is an attorney, cannot receive attorney's fees in a civil rights action).

A *state* law cause of action would be cognizable in this federal court under the diversity statute, if that statute's requirements are satisfied. *Cianbro Corp. v. Jeffcoat and Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992), *aff'd*, *Cianbro Corp. v. Jeffcoat and Martin*, No. 92-2368, 10 F.3d 806 [Table], 1993 WL 478836 (4th Cir. Nov. 22, 1993). Legal malpractice[2] and the tort of outrage[3] are claims cognizable under South Carolina law.

The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

---

[2] *See RFT Management Co., L.L.C. v. Tinsley & Adams, L.L.P.*, 399 S.C. 322, 732 S.E.2d 166, 170 (2012) ("A plaintiff in a legal malpractice action must establish four elements: (1) the existence of an attorney-client relationship, (2) a breach of duty by the attorney, (3) damage to the client, and (4) proximate causation of the client's damages by the breach."); and *Epstein v. Brown*, 363 S.C. 372, 610 S.E.2d 816, 818 (2005).

[3] The tort of "outrage" is the term, under South Carolina law, for the intentional infliction of emotional distress. *See Frazier v. Badger*, 361 S.C. 94, 603 S.E.2d 587, 592 (2004); and *Ford v. Hutson*, 276 S.C. 157, 276 S.E.2d 776, 778 (1981) (recognizing cause of action, citing "with approval" four elements for cause of action adopted by the Supreme Court of Maine, and "adopt[ing] the rule of liability stated in § 46 of the Restatement (Second) of Torts relating to intentional infliction of emotional distress").

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372–74 (1978). Plaintiff cannot bring state law claims in this Court pursuant to the diversity statute because both Plaintiff and Defendant Beach are citizens of the State of South Carolina. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806).

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the Notice on the next page.

February 7, 2013                    s/Bruce Howe Hendricks
Charleston, South Carolina          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).