IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Billy Eugene Wall, Jr., <br><br> Plaintiff, <br><br> v. <br><br> Harris L. Beach, Jr., <br><br> Defendant. | No. 2:13-cv-243-RMG <br><br> **ORDER** |

Plaintiff Billy Eugene Wall, Jr., a pretrial detainee at the Colleton County Detention Center in Walterboro, South Carolina, brought this action *pro se* on January 28, 2013, alleging that Defendant Harris L. Beach, Jr., the Chief Public Defender for Colleton County, failed to render satisfactory legal representation in a state criminal matter. (Dkt. No. 1).[1] In particular, Plaintiff alleges that Defendant Beach did not visit him at the Detention Center until nearly a year after criminal charges were filed against Plaintiff, and also failed to file certain pretrial motions. (*Id.* at 3–4). Proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, Plaintiff seeks monetary damages as well as other relief. (*Id.* at 5).

## Background

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2), DSC, this case was assigned to a Magistrate Judge. The Magistrate Judge reviewed the complaint pursuant to the procedural provisions of 28 U.S.C. § 1915(e)(2). On February 7, 2013, the Magistrate Judge issued a Report

---

[1] Plaintiff's allegations appear to stem from the same series of events set forth by Plaintiff in another case before this Court, *Billy Eugene Wall v. Michele D. China, Special Agent, SLED, et al.*, C/A No. 2:12-cv-0618. Here, the Court addresses only Plaintiff's allegations against Defendant Beach.

and Recommendation ("R&R") recommending that Plaintiff's complaint be summarily dismissed, without prejudice and without issuance and service of process. (Dkt. No. 10). Plaintiff did not submit objections to the R&R.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

Under 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss a prisoner's action if it determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a *pro se* plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## Discussion

The Magistrate Judge liberally construed the complaint, accurately summarized the law, and in applying the law to the allegations correctly concluded that this action should be dismissed. As

the Magistrate Judge explained, acting "under color of state law" is a jurisdictional prerequisite under 42 U.S.C. § 1983, and a public defender does not generally act "under color of state law" when representing an indigent defendant in a state criminal proceeding. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 317–24 (1981). Though there are certain narrow circumstances in which a public defender may be said to act under color of state law for § 1983 purposes, *see Tower v. Glover*, 467 U.S. 914, 923 (1984), Plaintiff does not allege facts showing he is entitled to relief on the basis of that exception. So, to the extent Plaintiff brings a claim under § 1983, that claim fails. Further, the parties are not diverse because they are both citizens of the State of South Carolina. As a result, this Court lacks jurisdiction over any state law claim being brought by Plaintiff. Accordingly, Plaintiff "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## Conclusion

After a thorough review of the Report and Recommendation and Plaintiff's pleadings, the Court adopts the Magistrate Judge's Report and Recommendation, and DISMISSES this action without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
March 14, 2013